## CIRCUIT COURT OF LOUDOUN COUNTY

Kirkpatrick & Blaker
Associates, Ltd., L.P.


v.


Loudoun County
Board of Supervisors
and Loudoun County


July 7, 2003


Case No. (Chancery) 22842


BY JUDGE JAMES H. CHAMBLIN

This cause came before the Court on June 6, 2003, for argument on the Demurrer of the Board of Supervisors of Loudoun County ("BOS") to the Petition to Withdraw Land from Agricultural District filed by Kirkpatrick & Blaker, Ltd., L.P., pursuant to Va. Code § 15.2-4314.

After consideration of the argument of counsel, the Demurrer is sustained.

A demurrer tests only the legal sufficiency of the claims stated in the pleading challenged. *Thompson v. Skate America, Inc.*, 261 Va. 121, 128 (2001). Although a demurrer does not admit the correctness of the conclusions of law in a pleading, *Ward's Equip., Inc. v. New Holland North America, Inc.*, 254 Va. 379, 382 (1997), it does admit the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred. *Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397 (1991).

Following these principles applicable to a demurrer, I must decide whether the factual allegations in the Petition are sufficient, as a matter of law, to establish that the Petitioner is entitled to be heard on an appeal *de novo* from

the decision of the BOS to deny a request to withdraw certain property from an agricultural district of Loudoun County.

The factual allegations of the Petition material to the issues on demurrer are summarized below.

The Petitioner is the record owner of two parcels (152 acres and 185.25 acres) in Loudoun County which have been enrolled in the Catoctin Agricultural and Forestal District (the District) since 1980.

Petitioner is a Texas partnership qualified to do business in Virginia. Its partners are Vivian Light, Charles Light, and Elsie V. Light.

Elsie V. Light and her late husband purchased the two parcels in 1948, and they farmed the land together until Mr. Light died in 1983. In 1980 they enrolled the land in the District. Mrs. Light became the sole owner of the two parcels after Mr. Light died. After Mr. Light died, Mrs. Light continued to farm the land with the help of her son, Charles Light.

By letter to the BOS dated March 11, 2002, Mrs. Light, then the sole owner of the two parcels, requested that the two parcels be removed from the District. She supplemented her request by letter dated March 22, 2002.

After making her request Mrs. Light conveyed the two parcels to the Petitioner. The primary purpose of the conveyance is estate planning for Mrs. Light and "to allow the partners to pool together their assets in order to achieve economic efficiency of management."

On September 3, 2002, the BOS voted to deny the request to withdraw the two parcels from the District.

The Demurrer asserts two grounds, namely:

> 1. The Petitioner has no standing because the Petition fails to allege compliance with Va. Code § 15.2-4314; and
> 2. The Petition fails to allege that Petitioner has exhausted its administrative remedies.

Va. Code § 15.2-4314 states, in pertinent part, in subparagraph A:

> At any time after the creation of a district within any locality, *any owner* of land lying in such district may file with the locality a written request to withdraw all or part of his land from the district for good and reasonable cause. ... The *landowner* seeking to withdraw land from a district, if denied favorable action by the governing body, shall have an immediate right of

appeal de novo to the circuit court serving the territory wherein the district is located. . . .

(Emphasis added.)

Although the Demurrer sets forth additional facts (making it an impermissible "speaking demurrer"), it does assert a single legal argument, namely, because the Petitioner did not initially request the withdrawal, it has no standing to appeal and it has not exhausted its administrative remedies (i.e., Petitioner never requested withdrawal of the land from the District by the BOS). To put it another way, only the owner who made the initial request to the BOS can appeal when the BOS denied the request.

The BOS has the correct general idea, but the focus should not be on the owner who made the initial request, but on the owner at the time the BOS denied the request. It is elementary that the words used in the statute must be given their plain and ordinary meaning. Courts cannot add something that is not in a statute.

The right to appeal the denial of a withdrawal request to a circuit court is purely statutory. Under Va. Code § 15.2-4314 only the "landowner seeking to withdraw land from a district" who is "denied favorable action by the governing body" has the immediate right of appeal. There are no allegations in the Petition that the Petitioner is the landowner "denied favorable action" by the BOS. There is no allegation that Mrs. Light transferred the two parcels to the Petitioner before the BOS acted. It is only alleged that she transferred the land after she requested withdrawal from the District by the BOS. Therefore, the land could have been transferred after the BOS acted.

The Petition alleges that the BOS denied the request to withdraw the land from the District. The Petition alleges that Mrs. Light made the request. There are no allegations that the Petitioner joined in the request or made its own separate request. I think it is a fair inference from the facts alleged that the person (not necessarily "the landowner") who was seeking the withdrawal and denied favorable action by the BOS was Mrs. Light, not the Petitioner.

The Petition only alleges that Mrs. Light transferred the land to the Petitioner after she addressed her two letters requesting withdrawal to the BOS in March 2002. It is not alleged that the land was transferred to the Petitioner before the BOS acted on September 3, 2002. It is not alleged that the Petitioner is the landowner who sought the withdrawal when it was denied by the BOS.

No copy of the resolution of the BOS denying the withdrawal is filed with the Petition.

The Demurrer is sustained, but only upon a very narrow ruling of law at this point in the proceeding. I rule that the only person who can appeal de novo to this Court under Va. Code § 15.2-4314 is the landowner who is (1) seeking withdrawal from a district and (2) is denied favorable action by the governing body. There is no allegation that the Petitioner was the landowner seeking withdrawal from the district and denied favorable action by the BOS on September 3, 2002. The Petitioner, therefore, does not meet the requirements of Va. Code § 15.2-4314 and has no standing to pursue this appeal.

The Demurrer is sustained, and the Petitioner is granted leave to file an Amended Petition on or before July 28, 2003.

I note that the County of Loudoun has filed no responsive pleadings. Mr. Roberts was served personally for the County of Loudoun and on behalf of Mr. York for the BOS on April 23, 2003.